UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| --- | --- | --- |
| VERSUS | * | NO: 92-469 |
| NOAH MOORE, JR. | * | SECTION: "D" |

## ORDER AND REASONS

Before the court is the **"Motion to Correct Sentence Pursuant to F.R.Cr.P. Rule 35(a) old Version Prior to November 1, 1987"** (Doc. No. 1104), filed by Noah Moore.  The Government filed a memorandum in response (Doc. No. 1117), and Moore filed a reply (Doc. No. 1126).  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

On August 27, 1993, following a three-week jury trial, Moore was convicted of conspiring from 1985 to August 9, 1992 of possessing with intent to distribute cocaine in violation of 21 U.S.C. §846.[1]  On December 15, 1993, this court sentenced Moore to

---

[1] Moore was also convicted of using and carrying a firearm in and of drug trafficking activity, but the Fifth Circuit vacated that conviction under *Bailey v. United States*, 516 U.S. 137 (1995). *United States v. Tolliver*, 116 F.3d 120, 126-27 (5th Cir. 1997). On remand from the Fifth Circuit for sentencing, this court vacated the 60-month

235 months of imprisonment on the conspiracy conviction.  The Fifth Circuit affirmed Moore's conviction for conspiracy, rejecting Moore's claim that the provisions of the Juvenile Delinquency Act (JDA) deprived this court of jurisdiction over him, that this court failed to instruct the jury that conduct prior to Moore's eighteenth birthday could not be used to assess his guilt, and that his counsel was ineffective for failing to raise the jurisdictional implications of his juvenile status.  *United States v. Tolliver*, 61 F.3d 1189, 1199-1201, 1222 (5th Cir. 1995), *reversed in part on other grounds*, 116 F.3d 120, 126-27 (5th Cir. 1997).

This court denied Moore's subsequent §2255 motion, in which Moore argued that his counsel was ineffective in failing to invoke Moore's juvenile delinquency status and the JDA, §5032.  This court also denied Moore's request for a certificate of appealability as legally frivolous.  The Fifth Circuit dismissed Moore's appeal for want of prosecution because he failed to file a timely motion for a certificate of appealability in the Fifth Circuit.  The Fifth Circuit subsequently denied without comment Moore's Motion for Recall of Mandate (filed on February 4, 2005), and Moore's motion for authorization to file a successive §2255 motion (filed on February 3, 2006) based on *Booker v. United States*, 543 U.S. 220

---

consecutive sentence which had been imposed on that firearms conviction.

(2005).

In Moore's instant motion brought under Federal Rule of Criminal Procedure 35(a) "old version prior to November 1, 1987," Moore again challenges his conviction because the conspiracy began before his 18th birthday and he claims that the court lacked jurisdiction under §5032 of the JDA. The former version of Rule 35(a), applicable to offenses committed before November 1, 1987, provided that a "court may correct an illegal sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." *United States v. Pineda*, 988 F.2d 22, 23 n. 2 (5th Cir. 1993), citing the prior version of Rule 35(a)).[2] However, prior Rule 35(a) is inapplicable here because the conspiracy (for which Moore was convicted) continued past November 1, 1987.

Further, prior Rule 35(a) served a limited purpose to permit correction of an illegal sentence. It cannot be used, as Moore does here, to challenge his underlying conviction and "to re-examine errors occurring at trial or other proceedings prior to the

---

[2] Following the November 1, 1987 amendments to Rule 35, Rule 35 permitted a district court to correct a sentence only on a remand following an appellate finding of error. *United States v. Rivera*, 376 F.3d 86, 90(2nd Cir. 2004).

Effective December 1, 1991, Rule 35 was amended authorizing a district court to correct obvious arithmetical, technical or other clear errors within 7 days of sentencing. Other amendments followed, leading to the current version of Rule 35(a) which allows a district court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Under this current version of Rule 35(a), Moore's motion is untimely because he was sentenced on December 15, 1993 and filed this motion on March 15, 2010.

3

imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1982).

Because Moore's instant motion cannot properly be brought as a Rule 35(a) motion, the court construes it as a motion to vacate, correct or set aside his sentence under 28 U.S.C. §2255. As a §2255 motion, the motion must be dismissed because it is a successive §2255 motion, and Moore has not shown that he obtained authorization from the Fifth Circuit to file a successive §2255 motion.

Accordingly;

**IT IS ORDERED** that Noah Moore's **"Motion to Correct Sentence Pursuant to F.R.Cr.P. Rule 35(a) old Version Prior to November 1, 1987"** (Doc. No. 1104) be and is hereby **DENIED.**

New Orleans, Louisiana, this **19th** day of **July**, **2010**.

                                                A.J. McNAMARA
                              UNITED STATES DISTRICT JUDGE